## (January 24, 1974)

■ House of Spirits, Inc., Appellant, v. Robert E. Doyle et al., Constituting the State Liquor Authority, et al., Respondents; Metropolitan Package Store Association, Inc., Intervenor-Respondent.— Appeal from an order of the Supreme Court, entered September 25, 1972 in Albany County, which denied plaintiff's motion for summary judgment, granted defendants' cross motion for summary judgment and awarded judgment declaring that subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law is constitutional and valid. Plaintiff, a retailer licensed to sell alcoholic beverages for off-premises consumption, has allegedly violated subdivision 2 of section 101-bb of the Alcoholic Beverage Control Law by offering liquor at a price lower than 12% above the bottle price on the schedule of its supplier. The mandatory 12% minimum markup on retail sales of liquor is attacked by plaintiff on several grounds. It contends on this appeal that the statute, having no relationship to the health, welfare and safety of the public, constitutes an unreasonable exercise of the police power; that the 12% markup violates due process because it has no relationship to a liquor retailer's actual average minimum overhead; and that, since the minimum retail price is fixed solely by the retailer's supplier, the statute is discriminatory and promotes unfair competition. These points have been properly determined in a thoroughly outlined and well-reasoned opinion by Mr. Justice Hughes at Special Term (72 Misc 2d 1036). Accordingly, we affirm on that opinion. Order affirmed, with costs. Herlihy, P. J., Staley, Jr., Greenblott, Sweeney and Main, JJ., concur.

■ Robert Bauman et al., Respondents, v. Charles Clark, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered November 13, 1972 in Schuyler County, which denied defendant's motion to serve an amended answer and counterclaim. Plaintiff, Timmie Bauman, aged 17 years, was injured when he was struck by defendant's automobile while said plaintiff was a pedestrian on a State highway. Defendant moved to serve an amended answer and counterclaim alleging that the parent of the infant plaintiff "was at all times responsible for the control and supervision of the infant plaintiff" and that the accident "was caused or contributed to by the neglect, careless and illegal acts of the individual adult plaintiff". The motion was properly denied, and we affirm on authority of *Holodook* v. *Spencer* (43 A D 2d 129). Order affirmed, with costs. Greenblott, Sweeney, Kane and Main, JJ., concur; Staley, Jr., J. P., concurs in the result in the following memorandum. Staley, Jr., J. P., (concurring): I concur in the result on the ground that under the facts of this case, the proposed amended answer and counterclaim fail to state a cause of action.